JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TERESA SMITH individually and on behalf of all persons similarly situated

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sarah R. Schalman-Bergen, Camille Fundora Rodriguez
Berger Montague PC, 1818 Market Street, Suite 3600
Philadelphia, PA 19103; 215-875-3000

## DEFENDANTS
365 HEALTH SERVICES, LLC

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 USC Sec. 201, et seq.
Brief description of cause:
Unpaid overtime compensation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 03/03/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____1322 N. 76th St., Philadelphia, PA_____

Address of Defendant: _____601 Walnut Street, #718, Philadelphia, PA_____

Place of Accident, Incident or Transaction: _____Philadelphia, pA_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/03/2020          *(signature)*          206211
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* _____Fair Labor Standards Act_____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Sarah R. Schalman-Bergen_____, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

[ ] Relief other than monetary damages is sought.

DATE: 03/03/2020          *(signature)*          206211
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Teresa Smith, et al. | : | CIVIL ACTION |
| v. | : | |
| 365 Health Services, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  [✓]

| 03/03/2020 | Sarah Schalman-Bergen | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-875-3000 | 215-875-4604 | sschalman-bergen@bm.net |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA SMITH** individually and on behalf of all persons similarly situated, | Civil Action No.: |
| Plaintiff, | Complaint — Class & Collective Action |
| v. | Jury Trial Demanded |
| **365 HEALTH SERVICES, LLC,** | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Plaintiff Teresa Smith ("Plaintiff" or "Smith"), through her undersigned counsel, individually and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against 365 Health Services, LLC ("Defendant" or "365 Health Services"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), Pennsylvania state law, and common law. The following allegations are made on personal knowledge as to Plaintiff and on information and belief as to others.

Despite the Pennsylvania Supreme Court's clear ruling in *Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 517 (2010), that third-party home health agencies must pay their home health aides overtime compensation under Pennsylvania law, the U.S. Department of Labor's January 1, 2015 revised FLSA regulations. 365 Services failed to pay Plaintiff and other home health aides the proper overtime compensation.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims are proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state and municipal law claims under 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as Plaintiff's FLSA claim.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within the Eastern District of Pennsylvania ("District") and Defendant conducts business in that District.

## PARTIES

4. Plaintiff Teresa Smith ("Plaintiff" or "Smith") is an individual currently residing in Philadelphia, Pennsylvania. Plaintiff worked for 365 Health Services as a home health aide, performing home care support and services to elderly and disabled clients in Philadelphia, Pennsylvania from approximately May 2018 to October 2019. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a plaintiff in this action. *See* Ex. A.

5. Defendant 365 Health Services, LLC ("Defendant" or "365 Health Services"), is a Pennsylvania limited liability company with its corporate offices located in Philadelphia, Pennsylvania and Bala Cynwyd, Pennsylvania. 365 Health Services is a provider of home care services to individuals.

6. 365 Health Services employed Plaintiff and has employed and continues to employ similarly situated persons.

7. Plaintiff and similarly situated employees performed work for 365 Health Services in Philadelphia, Pennsylvania.

8. 365 Health Services engages in commerce as defined in 29 U.S.C. § 203 and employs individuals engaged in commerce. *See* 29 U.S.C. § 202(a).

9. Throughout the relevant period, 365 Health Services annual gross volume of

business exceeded $500,000.

## CLASS DEFINITIONS

10. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following similarly situated persons:

> All persons who were employed by 365 Health Services, LLC ("365 Health Services") as home health aides in the United States who had their hourly wage rate reduced at any time during their employment between March 3, 2017 and the present (the "FLSA Collective").

11. Plaintiff brings Counts II, III, and IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class:

> All persons who were employed by 365 Health Services, LLC ("365 Health Services") as home health aides in Pennsylvania who had their hourly wage rate reduced at any time during their employment between March 3, 2016[1] and the present (the "Pennsylvania Class").

12. The FLSA Collective and the Pennsylvania Class are collectively referred to as the "Classes" or "Class Members."

13. Plaintiff reserves the right to redefine the FLSA Collective or the Pennsylvania Class prior to notice or class certification, and thereafter, as necessary.

## FACTS

1. From approximately May 2018 to October 2019, Plaintiff was employed as a home health aide by 365 Health Services in Philadelphia, Pennsylvania.

2. 365 Health Services employed Plaintiff and Class Members to provide home care support to its elderly and disabled clients.

3. 365 Health Services employs home health aides, such as Smith, to perform a variety

---

[1] The statute of limitations on Plaintiff's unjust enrichment claims under Pennsylvania law are four (4) years. Accordingly, Count IV of the Complaint goes back to March 3, 2016.

of services—including medication management, incontinent care, light housekeeping, bathing, dressing, grooming, ambulation assistance, and meal assistance among other services—to elderly and disabled clients in this District and, upon information and belief, elsewhere in Pennsylvania.

4. As a home health aide, Plaintiff assisted clients with dressing, personal care, meals preparation, light housekeeping, exercise, and reminded clients to take their medications. These activities consistently comprised of more than ninety (90%) percent of Smith's total hours worked each workweek. Other Class Members performed the same or substantially similar job duties.

5. 365 Health Services' home health aides are trained employees, and 365 Health Services holds them out to the public as such.

6. Plaintiff and Class Members provided domestic services in or about the private homes of 365 Health Services' clients.

7. 365 Health Services is not a householder under 34 P.A. Code § 231.1. Instead, Plaintiff and Class Members performed work in or about the private dwellings of 365 Health Services' clients for 365 Health Services in 365 Health Services' pursuit of a trade, occupation, profession, enterprise, or vocation.

8. Plaintiff and Class Members were paid an hourly rate and 365 Health Services did not properly compensate Plaintiff and Class Members for hours worked over forty (40) in a workweek at the correct rate.

9. Based on information and belief, 365 Health Services has a policy whereby it will decrease a home health aides' regular rate of pay solely because he or she is scheduled to work more than forty hours per week.

10. Whether home health aides are scheduled to work more or less than forty hours, the nature of the work they perform is identical.

11. However, 365 Health Services decreases the rate of pay merely because the work is scheduled such that statutory overtime be will be worked.

12. The sole purpose of this policy is to reduce 365 Health Services' costs and increase in profits by paying home health aides less than the regular rate of compensation and overtime that they were promised when they were hired.

13. During her employment, Plaintiff and other Class Members' regular rate of pay was lowered when their anticipated workweek would exceed more than forty (40) per week.

14. The work Plaintiff performed in those overtime weeks was identical to the work she performed during regular hours and during those weeks in which she did not work in excess of 40 in the workweek.

15. The decrease in her hourly rate was based on the number of hours worked and solely to avoid payment of overtime based on the true regular rate.

16. At the outset of her employment, 365 Health Services told Smith that her hourly rate was $12.00 per hour, and that she would be paid on an hourly basis. Based on her promised hourly rate, Smith's overtime premium rate at one and one-half (1 ½) times her regular rate should have been $18.00 per hour.

17. Based on information and belief, after approximately December 21, 2018, to avoid paying the appropriate rate of $18.00, 365 Health Services paid Smith at a different/decreased hourly rate of pay for each pay period following December 16, 2018.

18. The only difference in her work after December 16, 2018 was that she was scheduled to work more than forty hours per week.

19. For example, Smith was paid $12.00 per hour for the pay period of December 9, 2018 through December 15, 2018; and $10.50 per hour for the following pay periods.

20. For the pay period of December 16, 2018 through December 22, 2018, Smith was paid $10.50 per hour for 40 hours, and $15.75 for all hours over 40 in a workweek.

21. Smith did not agree to a reduced rate of pay that differed from her previously established rate of pay of $12.00 per hour and does not recall executing documents agreeing to the lower rate of pay.

22. 365 Health Services did not properly pay Plaintiff and Class Members overtime compensation for hours worked over forty (40) per workweek based upon their lawful regular rate of pay.

23. No good faith dispute or contest exists as to the entitlement of Plaintiff and Class Members to overtime compensation based upon their previously established hourly rate.

24. It is undisputed that home health aides are eligible for overtime compensation. *See Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 527 (2010); *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015), *cert. denied,* 136 S. Ct. 2506 (2016).

25. It has long been settled that where a rate has been agreed upon as applicable to a particular type of work the parties cannot lawfully agree that the rate for that work shall be lower merely because the work is performed during the statutory overtime hours, or during a week in which statutory overtime is worked. *See* 29 C.F.R. § 778.316.

26. As a home health care agency, 365 Health Services was or should have been aware of the *Bayada* decision and 365 Health Services' obligation to pay its home health aides, including Plaintiff and Pennsylvania Class members, overtime based upon their lawful regular rate of pay. Instead, 365 Health Services ignored these obligations and failed to pay overtime based upon their lawful regular rate of pay to Plaintiff and the Pennsylvania Class.

27. 365 Health Services willfully and recklessly disregarded federal and state law by

6

failing to properly compensate Plaintiff and the FLSA Collective for hours worked in excess of forty (40) during the workweek based upon their lawful regular rate of pay.

28. Based on information and belief, 365 Health Services continues its practices of failing to pay its home health aides proper overtime compensation at the correct rate.

29. It would be unjust for 365 Health Services to retain the unpaid wages and overtime wages that should have been paid to Plaintiff and Class Members.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

30. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Collective as defined above.

31. Plaintiff desires to pursue her FLSA claim on behalf of all individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

32. Plaintiff and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to 365 Health Services' common business and payroll practices as described herein, and, as a result of such practices, have not been paid overtime compensation based upon their lawful regular rate of pay as described herein. Resolution of this action requires inquiry into common facts, including, *inter alia*, 365 Health Services' common compensation and payroll practices.

33. These similarly situated employees are known to 365 Health Services, readily identifiable, and can be easily located through 365 Health Services' business records.

34. 365 Health Services employs and has employed many FLSA Collective members. These similarly situated current and former employees may be readily notified of this action through U.S. mail and/or other reasonable means, and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages,

liquidated damages, interest, attorney's fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Pennsylvania Class.

36. The members of the Pennsylvania are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

37. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Pennsylvania Class members, including, without limitation, whether 365 Health Services has violated and continues to violate Pennsylvania law through its policies and practice of not paying its home health aide employees proper overtime compensation based upon their lawful regular rate of pay.

38. Plaintiff's claims are typical of the claims of Pennsylvania members in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and other Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by other Pennsylvania Class members.

39. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there are no conflicts between the claims of Plaintiff and those of other Pennsylvania Class members, and Plaintiff's claims are typical of the claims of the Pennsylvania

Class. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation, including wage and hour cases like this one.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania predominate over any questions affecting only individual Pennsylvania members.

41. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are expected to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from 365 Health Services' own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent and varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for 365 Health Services.

42. A class action is superior to other available methods for adjudication of this controversy because, without limitation: (a) joinder of all members is impractical; (b) the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable those Pennsylvania Class members to maintain separate suits against 365 Health Services; (c) Plaintiff is not aware of any litigation concerning the controversy alleged herein already begun by any Pennsylvania Class member against Defendant; (d) it is desirable to concentrate the litigation of the Pennsylvania Class members' claims in the Eastern District of Pennsylvania

because substantially the majority of the alleged wrongdoing took place in that District, Defendant's place of business is located in that District, and substantially the majority of the Pennsylvania Class members reside in that District; and (e) the Pennsylvania Class members do not have special interests in individually controlling the prosecution of separate actions because the prosecution of Plaintiff's claims will fairly and adequately protect the interests of the Pennsylvania Class members and Plaintiff does not expect the litigation of individualized defenses or theories of recovery.

43.     Without a class action, 365 Health Services will retain the benefit of its wrongdoing, which will result in further damages to the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## Violations of the FLSA
## (On Behalf of Plaintiff and the FLSA Collective)

44.     All previous paragraphs are incorporated as though fully set forth herein.

45.     The FLSA requires that covered employees be compensated for all hours worked exceeding forty (40) in a workweek at a rate no less than one and one-half (1½) times the regular rate at which they are compensated (the "overtime wage"). *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

46.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

47.     365 Health Services is subject to the wage requirements of the FLSA because 365 Health Services is an "employer" under 29 U.S.C. § 203(d).

48.     At all relevant times, 365 Health Services was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, 29 U.S.C. § 202(a), and 29 C.F.R. § 552.100.

49. During all relevant times, Plaintiff and the FLSA Collective were covered employees entitled to the FLSA's above-described protections. *See* 29 U.S.C. § 203(e).

50. From the effective date of the DOL Final Rule, Plaintiff and the FLSA Collective are entitled to be paid overtime wages for hours worked exceeding forty (40) in a workweek pursuant to 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

51. 365 Health Services, pursuant to its policies and practices, failed to properly pay overtime wages to Plaintiff and the FLSA Collective as required by the FLSA.

52. Specifically, 365 Health Services decreased Plaintiff and FLSA Collective Members' regular rate of pay solely because statutory overtime would be worked. See 29 C.F.R. § 778.316; *see also* 29 C.F.R. § 778.500(b).

53. 365 Health Services knowingly failed to properly compensate Plaintiff and the FLSA Collective overtime wages in violation of 29 U.S.C. §§ 206 and 207.

54. In violating the FLSA, 365 Health Services acted willfully and with reckless disregard of clearly applicable FLSA provisions.

55. Pursuant 29 U.S.C. § 216(b), employers, such as 365 Health Services, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages based upon their lawful regular rate of pay, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II
### Violations of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiff and the Pennsylvania Class)

56. All previous paragraphs are incorporated as though fully set forth herein.

57. The Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 *et seq.* ("PMWA"), requires that covered employees be compensated for all hours worked in excess of

forty (40) per workweek at a rate not less than one and one-half (1½) times the regular rate at which they are compensated. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

58. 365 Health Services is subject to the minimum wage and overtime requirements of the PMWA because 365 Health Services is an employer under 43 P.S. § 333.103(g).

59. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the PMWA's above-described protections. *See* 43 P.S. § 333.103(h).

60. 365 Health Services' compensation practices applicable to Plaintiff and the Pennsylvania Class failed to comply with 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

61. 365 Health Services failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) per workweek based upon their lawful regular rate of pay, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

62. Pursuant 43 P.S. § 333.113, employers, such as 365 Health Services who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the unpaid wages and interest, and court costs and attorneys' fees incurred in recovering those unpaid wages.

**COUNT III**
**Violations of the Pennsylvania Wage Payment and Collection Law**
**(On Behalf of Plaintiff and the Pennsylvania Class)**

63. All previous paragraphs are incorporated as though fully set forth herein.

64. The Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("PWPCL"), requires that employers pay covered employees all wages due, including overtime wages. *See* 43 P.S. § 260.3(a).

65. The PWPCL requires that employers have on an established and agreed upon rate of pay for their employees. Under the PWPCL, the rate of pay must be established at the time of

hiring. *See* 43. P.S. § 260.4.

66. 365 Health Services failed to compensate Plaintiff and the Pennsylvania Class at the designated rate of pay; instead it reduced the rate of pay in order to avoid paying overtime at 1.5 times the employees' rate of pay – in the case of Smith, $12.00 an hour for an overtime rate of $18.00 an hour.

67. 365 Health Services is subject to the wage payment requirements of the PWPCL because 365 Health Services is an "employer" under 43 P.S. § 260.2(a).

68. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the PWPCL's above-described protections.

69. 365 Health Services failed to compensate Plaintiff and the Pennsylvania Class overtime based upon their lawful regular rate of pay for hours worked more than forty (40) in a workweek, in violation of the PWPCL, 43 P.S. § 260.3.

70. 365 Health Services is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's and the Pennsylvania Class' wages that concern this lawsuit

71. Pursuant 43 P.S. §§ 260.9(a) and 260.10, employers, such as 365 Health Services, who fail to pay an employee wages in conformance with the PWPCL shall be liable to the employee for the unpaid wages, liquidated damages, and reasonable attorneys' fees incurred in recovering the unpaid wages.

72. 365 Health Services is in violation of Pennsylvania law by failing to pay Plaintiff and the Pennsylvania Class for overtime based upon their lawful regular rate of pay.

**COUNT IV**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Pennsylvania Class)**

73. All previous paragraphs are incorporated as though fully set forth herein.

74. 365 Health Services has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

75. At all relevant times, 365 Health Services devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without properly paying compensation for overtime at the proper rate.

76. Contrary to all good faith and fair dealing, 365 Health Services induced Plaintiff and the Pennsylvania Class to perform work in excess of forty hours per week while failing to properly compensate them for all hours worked as required by law, including overtime hours at the proper rate.

77. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without proper compensation as required by law, 365 Health Services enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. 365 Health Services retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

78. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by 365 Health Services.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

    a. An order certifying this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. An order certifying this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages and penalties to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: March 3, 2020                                Respectfully submitted,

*/s/*

Sarah R. Schalman-Bergen (PA 206211)
Camille Fundora Rodriguez (PA 312533)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
sschalman-bergen@bm.net
crodriguez@bm.net

Ryan Allen Hancock
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 656-3679
Facsimile: (215) 561-5135
rhancock@wwdlaw.com

*Attorneys for Plaintiff and the Proposed Classes*

# Exhibit A

**CONSENT TO JOIN AND AUTHORIZATION TO REPRESENT**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims under the Fair Labor Standards Act, 29 U.S.C. §§201, et seq. ("FLSA") arising out of my work with 365 Health Services, LLC and/or related entities and individuals ("365 Health Services").

2. I worked for 365 Health Services from on or about ___May 2018___ (month, year) to on or about ___September 2019___ (month, year). During this time, I worked for Amazon/365 Health Services in the following state(s): ___Pennsylvania___.

3. I understand that this lawsuit is brought under the FLSA. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

4. I hereby designate Berger Montague PC, at 1818 Market Street, Suite 3600, Philadelphia, Pennsylvania 19103 ("Plaintiff's Counsel"), to represent me for all purposes in this action or any subsequent action against 365 Health Services.

5. I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiff's Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature: _[DocuSigned signature]_

Date: 1/31/2020

Name: Teresa M Smith

Address: [redacted]

Telephone: [redacted]

E-mail: [redacted]

COMPLETE AND RETURN TO:
BERGER MONTAGUE PC
ATTN: Stefana Klipa
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3005
Fax: (215) 875-4604
Email: sklipa@bm.net